WILLIAM A. CAMPBELL, RECEIVER, v. ED M. TRACY, RE-
CEIVER.

FILED OCTOBER 20, 1904.    No. 13,561.

Decision followed. The decision in this case is governed by the principles announced in *Campbell v. Noyes, Norman & Co.*, ante, p. 201, which is followed.

ERROR to the district court for Johnson county: JOHN
S. STULL, JUDGE. *Reversed.*

*L. C. Chapman* and *George A. Adams,* for plaintiff in
error.

*Ed M. Tracy, pro se.*

LETTON, C.

This is a proceeding in error by which it is sought to
review a judgment of the district court for Johnson county
by which the defendant in error was adjudged to have a
lien upon the real estate of the Chamberlain Banking
House, a corporation, then in the hands of the plaintiff in
error as receiver. It appears that, in the settlement of the
affairs of the firm of Fairall & Rubelman, a partnership,
a receiver was appointed by the district court for Johnson
county, and an accounting had between said partners, to
which the Chamberlain Banking House was made a party;
among other things the court found that there was in the
hands of the Chamberlain Banking House to the credit
of said firm the sum of $292.19, and the following order
was made in said case: "It is therefore ordered by the
court that the defendant, the Chamberlain Banking House,
pay to the receiver the sum of $292.19 now in its hands."
No further order was made in this behalf, nor was execu-
tion awarded against the bank. Afterwards, and before
the payment of this amount, the Chamberlain Banking
House failed, and the plaintiff in error was appointed
receiver thereof. Application was made by the defendant
in error, as receiver of said firm of Fairall & Rubelman,
for an order declaring his claim to be a lien upon the real
estate of the corporation. The district court found "that
the order made in the case of Fairall & Rubelman, though
informal in its terms, is and was a judgment regularly
entered in this court, and constitutes a valid lien upon
said premises from the date of its being rendered," and

directed the receiver to pay the same out of the proceeds of the sale of the real estate. The principles governing this case are the same as those applied in the case of *Campbell v. Noyes, Norman & Co., ante,* p. 201. In that case there was an order directing the Chamberlain Banking House to pay to the person named therein a specified sum of money, but there was no recital that one party shall have and recover of the other a sum certain, and that in default of payment execution shall issue. It seems clear that no execution could issue upon the order directing the payment of the money by the Chamberlain Banking House to the defendant in error, without a further order being made by the district court. The reasoning in the opinion in *Campbell v. Noyes, Norman & Co.* applies to the facts in this case and we adopt the same.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.