MARY C. MADDOX ET AL., APPELLEES, v. WILLIAM M. MADDOX ET AL., APPELLANTS.

38 N. W. 2d 547

Filed July 14, 1949. No. 32631.

*Wiltse & Wiltse*, for appellants.

*Paul P. Chaney*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs brought this action in equity seeking to have the trial court declare and enforce a constructive trust with relation to a one-fifth interest in the estate of Wesley H. Maddox, deceased. The trial court found generally for plaintiffs and against defendants, who

appealed, assigning as error that the judgment was contrary to the law and the evidence. We conclude that the assignments should not be sustained.

It is elementary in this jurisdiction that: "Actions in equity, on appeal to this court, are triable de novo in conformity with section 25-1925, R. S. 1943, subject, however, to the condition that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403.

The foregoing rule is not abrogated by, but must be construed in the light of the rule that the burden of proof is upon one seeking to establish and enforce a constructive trust to establish the same by a preponderance of evidence, clear, satisfactory, and convincing in character. Bruce v. Cadman, 110 Neb. 500, 194 N. W. 726.

Bearing the foregoing rules in mind, we have examined the record. Certain facts are not in dispute. Wesley H. Maddox died testate on January 6, 1947. He left a substantial estate. Surviving him were his widow, Ida M. Maddox, and four children, the three plaintiffs and defendant William M. Maddox. His widow, a second wife, was not the mother of the children. The will of deceased was admitted to probate on February 8, 1947. Defendant William M. Maddox was on that date appointed executor. Thereafter, he qualified, and has since served as such. By the terms of the will all of the estate, both real and personal, was directed to be converted into cash by the executor and then distributed, one-fifth to each of the children, and one-fifth to the widow, who did not elect to take under the statute.

The estate had not yet been converted into cash, and on October 9, 1947, without notice to or knowledge of

plaintiffs, but in the presence of defendant William M. Maddox, the one-fifth interest of the widow was purchased in the name of defendant Inez Maddox, wife of defendant William M. Maddox, for $8,500.. The purchase price therefor was paid by a check drawn by defendant, Inez Maddox, upon the joint bank account of herself and husband. At or about the same time, an assignment of such interest was also prepared and approved by the county court without notice to or knowledge of plaintiffs.

The evidence upon other material issues was generally in conflict, but the record discloses ample competent evidence, clear, satisfactory, and convincing in character, which supported the primary contentions of plaintiffs.

In that connection, there was evidence that upon several occasions prior to October 9, 1947, conversations were had between plaintiffs and defendants, and by some of the plaintiffs with defendants, whereat prospective plans and methods were discussed, whereby plaintiffs and defendants could acquire the one-fifth interest of the widow, by each paying his or her share, and each thus own an undivided one-fourth of the estate.

Finally, on March 22, 1947, in the presence of plaintiffs, both defendants, and a husband of one of plaintiffs, the defendant William M. Maddox made a proposition to plaintiffs that the four children should each pay their one-fourth share and buy out the one-fifth interest of the widow for all of them, at a price not to exceed the appraised value thereof, as fixed by the county court, whereby each would then own an undivided one-fourth interest not only in that interest but also in the estate. Such appraised value of the widow's one-fifth interest was concededly $11,348.60. The foregoing proposition so made by defendant William M. Maddox was thereat accepted by. each and all of those then present, and by agreement, reaffirmed September 4, 1947, defendant William M. Maddox was designated and agreed to act as agent representing all of them to negotiate for and complete such purchase.

As such, he had some negotiations with the widow, but did not complete the purchase, in conformity with the agreement. Rather, thereafter, on October 9, 1947, the wife, defendant Inez Maddox, in the presence of her defendant husband, with full notice and knowledge of the agreement aforesaid, and in violation thereof, bought the one-fifth interest of the widow, paying therefor by check drawn upon their joint bank account as aforesaid.

Thereafter, plaintiffs, upon learning of the transaction, demanded that defendants convey to each of them an undivided one-fourth of such one-fifth interest, offering to pay therefor, but such demand and offer were refused, and plaintiffs brought this action, offering therein to pay defendants three-fourths of the purchase price of such one-fifth interest.

In the light of the foregoing evidence, there can be no doubt that defendants, while William M. Maddox was serving plaintiffs as agent in a confidential and fiduciary capacity, and his wife was also in a confidential relation with plaintiffs, fraudulently and in violation of the agreement, purchased the widow's interest for defendant William M. Maddox in the name of his wife, thereby attempting to accomplish indirectly that which he could not do directly. Evidence adduced by plaintiffs amply sustained that conclusion, and admissions made by defendants to other witnesses, as well as in their own testimony, affirmatively supported it.

Applicable law is well established in this jurisdiction. Contrary to defendants' contention, there was no question of partnership or resulting trust involved in this case. As early as Pollard v. McKenney, 69 Neb. 742, 96 N. W. 679, adhered to on rehearing, 69 Neb. 753, 101 N. W. 9, this court pointed out the distinction between resulting and constructive trusts. This court has never departed from that opinion, but consistently followed it. Resulting trusts we need not discuss, since clearly the evidence

in the case at bar brings it squarely within the classification of a constructive trust.

In the aforesaid case, it was said: "Closely allied to resulting trusts, and frequently confused with them, are constructive trusts. This class of trusts arises from actual or constructive fraud or imposition, committed by one party on another. 1 Perry, Trusts (5th ed.), sec. 166. Thus if one person procures the legal title to property from another by fraud or misrepresentation, or by an abuse of some influential or confidential relation which he holds toward the owner of the legal title, obtains such title from him upon more advantageous terms than he could otherwise have obtained it, the law constructs a trust in favor of the party upon whom the fraud or imposition has been practiced. Again, if a party obtains the legal title to property by virtue of a confidential relation, under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, hold and enjoy the benefits; out of such circumstances or relations, a court of equity will raise a trust by construction and fasten it upon the conscience of the offending party and convert him into a trustee of the legal title. Thompson v. Thompson, 16 Wis. 94; McLain (McLane) v. Johnson, 43 Vt. 48; Hollinshead v. Simms, 51 Cal. 158." See, also, In re Estate of Scott, 148 Neb. 182, 26 N. W. 2d 799; Box v. Box, 146 Neb. 826, 21 N. W. 2d 868; O'Shea v. O'Shea, 143 Neb. 843, 11 N. W. 2d 540; 65 C. J., Trusts, § 215, p. 454, § 226, p. 476; 54 Am. Jur., Trusts, § 218, p. 167; Restatement, Restitution, § 160, p. 640.

This court has also adhered to the rule that where one person undertakes as agent to purchase property for another, the other to pay part or all of the purchase price and become owner of all or a part of the property proportionate to his contribution, the purchase thereof by such person in his own name or otherwise for himself, gives rise to a constructive trust for the benefit of the other in the agreed proportion, conditioned upon reim-

bursement for the agreed part of the purchase price. Johnson v. Hayward, 74 Neb. 157, 103 N. W. 1058, 5 L. R. A. N. S. 112; Lamb v. Sandall, 135 Neb. 300, 281 N. W. 37; Watkins v. Waits, 148 Neb. 543, 28 N. W. 2d 206; Restatement, Restitution, § 194, p. 795.

This court has repeatedly held that the statute of frauds, sections 36-103 and 36-104, R. S. 1943, does not apply to a constructive trust growing out of an undertaking by one person as agent to purchase property for another, where, in violation of his agreement, he has taken the title in his own name or otherwise for himself, and refuses to convey after tender of the agreed part of the purchase price. Watkins v. Waits, *supra;* O'Shea v. O'Shea, *supra;* Lamb v. Sandall, *supra;* Johnson v. Hayward, *supra.* The primary basis for the rule in such cases is that the principal is not seeking to enforce an oral contract, but to declare and enforce a constructive trust resulting from the violation of confidential and fiduciary duties by the agent. Restatement, Restitution, § 194, p. 798.

Defendants herein seek to rely upon the statute of frauds, section 69-404, R. S. 1943, upon the premise that the will of deceased brought about an equitable conversion of the real estate so that the interests of the beneficiaries thereunder should be treated as personal property instead of realty. Whether or not there was such a conversion we need not decide, since under the circumstances and by analogy the foregoing rule would be applicable to personal property in any event, not only upon the constructive trust theory, but also upon the basis that the agreement between plaintiffs and defendants did not constitute a contract of sale but of agency, and in such a case the foregoing statute of frauds would have no application. Wachob, Bender & Co. v. Omaha Life Ins. Co., 128 Neb. 320, 258 N. W. 657; 37 C. J. S., Frauds, Statute of, § 141, p. 625; 49 Am. Jur., Statute of Frauds, §§ 243 and 244, p. 560.

Finally, it will be remembered that defendant William

M. Maddox, while acting in a confidential and fiduciary capacity, could not acquire the title to the interests involved without the approval or ratification of all plaintiffs, and his wife, also in a confidential relation, would be equally barred from doing so, because said defendant could not do indirectly that which he could not do directly. The rule generally is that where a party acting as agent or trustee is barred from purchasing property because of a confidential or fiduciary relationship, the husband or wife of such party is equally barred, and no advantage can be gained by purchasing the property and taking the title thereto in the name of such husband or wife. In re Estate of Jurgensmeier, 142 Neb. 188, 5 N. W. 2d 233; In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829; Johnson v. Hayward, *supra;* 26 Am. Jur., Husband and Wife, § 127, p. 752; 54 Am. Jur., Trusts, § 466, p. 370; 65 C. J., Trusts, § 646, p. 775.

The rules heretofore set forth are controlling in the case at bar. Other matters are presented in the briefs, but we do not deem it necessary to discuss them.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.