CARL EIRICH ET AL., APPELLANTS, V. HENRY OSWALD ET AL., APPELLEES.

46 N. W. 2d 686

Filed March 9, 1951. No. 32873.

*Littrell & Patz,* for appellants.

*Towle, Young & Mattson,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action by Carl Eirich and Katherine Eirich, plaintiffs and appellants, against Henry Ostwald and

Katherine Ostwald, defendants and appellees, to have title quieted in them to an easement over a narrow strip of ground along the west side of the east half of Lot 21, Block 5, Cahn, Metcalf, and Farwell's Subdivision in Lincoln, Lancaster County, Nebraska. This will for convenience be referred to as 820 New Hampshire Street or 820.

The relief prayed by plaintiffs was denied by decree of the district court. Motion for new trial was filed and overruled. From the decree and the order overruling the motion for new trial the plaintiffs have appealed.

The background of the controversy is that in January 1929 the plaintiffs as joint tenants became the owners of the west half of Lot 21, Block 5, Cahn, Metcalf, and Farwell's Subdivision in Lincoln, Lancaster County, Nebraska. This will be referred to as 814 New Hampshire Street or 814. The defendants at the time of commencement of the action and at the time of trial were the owners of 820. Lot 21 is 50 feet in width. The deed by which plaintiffs obtained title to 814 described the west half of Lot 21. No survey was made at the time and no dividing line was marked or otherwise designated. Soon after they acquired title the plaintiffs moved into the house which was on the half lot purchased by them. They have occupied the premises continuously since that time. At the rear or north of 814 is a garage. Its east side extends from 0.2 to 0.5 of a foot over onto 820. When this garage was so placed does not clearly appear but it is clear that it has been so located for more than 15 years. At some time there was a fence extending south from the vicinity of the southeast corner of the garage to the street. This fence seems to have been regarded by the parties as the line between the two properties. This fence from the sidewalk in front of the properties to a tree about 34.8 feet north was removed by or before 1933. The remainder of the fence was removed in 1948. The plaintiffs used

the space between their house and the fence from the tree northward to their garage as a driveway. They claim substantially that the fence extended in a line from a point 8 to 20 inches east of the corner of the garage which corner was about 6 inches over on 820 to a tree which was approximately 3 feet east of the surveyed line of the properties. From the sidewalk back to the tree they claim that they used a space from 8 to 9 feet east of their house. This width would extend their use over this distance about 3 feet onto 820 beyond the surveyed line.

The action here is by plaintiffs to have title quieted in them to the strip of land described east of the surveyed line between 814 and 820.

The defendants admit by their answer that plaintiffs are entitled to have title quieted in them to a strip along the east side of the surveyed line of the width of 4 inches.

The legal principles involved in this action are simple. This case is controlled in the main by the proposition that where land belonging to a party is used and claimed by another party as his own and he has actual and uninterrupted possession for ten years title will, at his behest in a proper action, be quieted in him. Hallowell v. Borchers, 150 Neb. 322; 34 N. W. 2d 404.

Defendants concede this principle. They also concede that the plaintiffs, on the theory on which they present their cause, are entitled to have title quieted in them to a certain amount of land from 820 as surveyed. They disagree only as to the amount. The question therefore for determination is one of fact and not one of law.

This being an equity action it becomes necessary for this court to determine this question of fact de novo on the record. See, section 25-1925, R. R. S. 1943; Maddox v. Maddox, 151 Neb. 626, 38 N. W. 2d 547; Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847; Nickerson v. Nickerson, 152 Neb. 799, 42 N. W. 2d 861.

The evidence leaves much to be desired from the

standpoint of clarity and certainty on the questions involved. Evidence of certain measurements which would be of assistance in ascertaining the ultimate facts in this case are notably absent.

The evidence of the width of the ground used by plaintiffs to the east of the surveyed line is but an estimate as is also the location of the fence to the east of this line. The distance of the fence at the north end from the corner of the garage was stated in plaintiffs' evidence to be either the width of one or two railroad ties and that railroad ties were 8 to 10 inches square. It was stated that at that point the fence was attached to two railroad ties but it is not ascertainable whether these ties were in proximity east and west or north and south. In plaintiffs' evidence it was stated that the fence extended from the north to the tree which has been mentioned. Whether it was on a line with the center or the west side of the tree is not ascertainable. The only evidence of the distance of the tree is a plat which was introduced in evidence on which is indicated certain distances. There is no explanation of the plat except that which appears on its face. It appears from the plat that the center of the tree is about 3.5 feet east of the surveyed line.

Therefore the evidence of the plaintiffs is in proof of a use from the garage to the tree east of the surveyed line beginning at a point approximately 14 inches east of the surveyed line at the garage and extending in a straight line to the west side of the tree which is probably 3 feet east of the surveyed line. From the tree to the street the claim is to an extension of the line from the tree to the street parallel with the surveyed line. This is the claim with regard to the extension from the tree to the street since the plaintiff Carl Eirich said his use from the front line of the property of defendants to the tree was of no greater width than from the tree on back to the garage.

On the part of the defendants the evidence shows

that the fence started at the corner of the garage and not east of it and extended in a line through to a point 2 feet and 10 inches west of the tree. A witness for the defendants testified that he planted the tree and that on planting by actual measurement he placed it this distance from the fence. The evidence in this respect is positive and unequivocal. The evidence of the defendants as to the point of commencement of the fence at the garage in context is as much lacking in certainty as that of plaintiffs.

Our conclusion from all of the evidence is that the evidence of defendants as to the location of the fence at the tree is of equal weight if not greater than that of plaintiffs and that it becomes necessary to say that the line was 2 feet and 10 inches west of the center of the tree.

On the other hand our conclusion is that the fence started at the garage the width of a railroad tie or about 8 inches east of the garage. This appears to be the reasonable view to take of the evidence. It would not be reasonably supposed that one in building a fence would set the corner post in front of a garage on his neighbor's property. Added to this supposition is evidence that the plaintiffs had a flower bed in this vicinity about this distance to the east.

These conclusions lead to the ultimate conclusion that under the evidence in this case the plaintiffs have sustained a right to have quieted in them title to a strip of ground from what has been referred to herein as 820 west of a straight line thereon beginning at a point 8 inches east of the southeast corner of the garage on 814 and extending through a point 2 feet and 10 inches west of the center line of the tree described herein thence to the lot line of New Hampshire Street.

This conclusion effectually disposes of all assignments of error save two, which two relate to a view of the premises by the trial court on Sunday and out of the presence of the parties or their attorneys.

Whatever merit these contentions may have in a proper case they have none here. There is nothing in the record which would or could permit this court to be influenced by the observations made by the trial court. The determining factor is the use of this property over the period of years contemplated by the cause of action presented by the pleadings and the evidence. Only present use could be ascertained by a view. Had there been evidence that the physical characteristics were the same at the time of the commencement of the action and at the time of trial as they had been for 10 years or more then the contention would have merit. The fact is that all monuments or fixed objects to which reference was had at the time of trial had been removed or destroyed except the tree, the garage, and a curb cut in front of these properties on New Hampshire Street and concerning the location of these there is no dispute.

In this court this case has been considered de novo on the record made, agreeable to the provisions of section 25-1925, R. R. S. 1943, and without regard to what may or may not have been observed by the trial court on a view of the premises.

The decree of the district court is reversed and the cause remanded with directions to enter a decree quieting title in the plaintiffs to that portion of the east half of Lot 21, Block 5, Cahn, Metcalf, and Farwell's Subdivision in Lincoln, Lancaster County, Nebraska, lying west of a straight line starting 8 inches east of the southeast corner of the garage on the west half of said lot and extending southward to a point 2 feet and 10 inches west of the center of the tree on the east half of said lot, which tree has been described and referred to herein, thence due south to the lot line and the street, and also that portion of the east half on which is located a part of the garage of the plaintiffs.

REVERSED AND REMANDED WITH DIRECTIONS.

MESSMORE, J., participating on briefs.