CUMMINGS ENTERPRISES, INC., A CORPORATION, APPELLEE, V. MARTIN SHUKERT ET AL., APPELLANTS.

436 N.W.2d 199

Filed March 3, 1989. No. 87-497.

Herbert M. Fitle, Omaha City Attorney, Charles K. Bunger, and Jo A. Bennett for appellants.

Martin A. Cannon, of Matthews & Cannon, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

WHITE, J.

In this mandamus action, defendants, members of the planning department for the city of Omaha, appeal from an order of the district court for Douglas County directing them to issue a building permit. We hold that the appellants waived their right of appeal when they issued the permit in compliance with the court's order prior to filing an appeal to this court.

Appellee owns a 2.96-acre tract of land located at 9516 Calhoun Road in Omaha, Nebraska. On December 3, 1985, the city council of Omaha passed an ordinance rezoning appellee's parcel from second suburban district to first commercial. Appellee applied for a building permit for the construction of a carwash on November 3, 1986. The evidence at trial showed that a carwash was a permissible use under the first commercial zoning classification. Martin Shukert, the city of Omaha planning director, denied the appellee's application. In early 1987, the land appellee had set aside for the carwash was rezoned to limited commercial district, a zoning classification excluding carwashes as well as some other commercial uses.

On March 11, 1987, appellee filed a petition for an alternative writ of mandamus, seeking to compel the appellants to issue the building permit which the appellee applied for on November 3. The court issued an alternative writ of mandamus ordering appellants to issue the permit or, in the alternative, to show cause for noncompliance with the order. On April 27, the court entered judgment for the appellee and issued a peremptory writ of mandamus commanding the appellants to issue the building permit for the carwash to the appellee. The appellants issued the permit on May 4. Notice of appeal to this

court was filed on May 22.

Under common law, absent statutory provisions to the contrary, a perfected appeal operates as a supersedeas. *St. Regis Paper Co. v. Kerlin*, 476 So. 2d 64 (Ala. 1985); *Spellman v. Ruhde*, 28 Wis. 2d 599, 137 N.W.2d 425 (1965); *Harper v. Quinlan (No. 2)*, 62 Montg. Co. L.R. 116 (1946), *aff'd* 159 Pa. Super. 367, 48 A.2d 113. See 4A C.J.S. *Appeal and Error* § 627 (1957). In Nebraska, in the absence of statute we follow the common law. Neb. Rev. Stat. § 49-101 (Reissue 1988); *Kresha v. Kresha*, 216 Neb. 377, 344 N.W.2d 906 (1984). This state has enacted a statutory scheme regulating the process for appeal to the state Supreme Court. See, generally, Neb. Rev. Stat. §§ 25-1911 et seq. (Reissue 1985 & Cum. Supp. 1988). In general, our statutes provide that an appeal in a civil case is deemed perfected when notice of appeal has been filed and docket fees deposited in the office of the clerk of the district court. Section 25-1912(3) (Cum. Supp. 1988). The defeated party may secure a stay of execution of the lower court's judgment, decrèe, or order pursuant to § 25-1916 (Cum. Supp. 1988), which states in pertinent part that no appeal shall operate as a supersedeas unless the appellant files a bond with the clerk. In the case at bar, there is an applicable statutory exemption to § 25-1916. Neb. Rev. Stat. § 14-817 (Reissue 1987) provides:

No bond for cost, appeal, supersedeas, injunction or attachment shall be required of any city of the metropolitan class or of any officer, board, commission, head of any department, agent or employee of any such city in any proceeding or court action in which said city of the metropolitan class or its officer, board, commission, head of department, agent or employee is a party litigant in its or his official capacity.

Under § 14-817, the appellants were not required to post a bond to obtain a supersedeas. The filing of a notice of appeal would have stayed the peremptory writ. See, also, *Spellman v. Ruhde, supra*.

The issue then raised is whether compliance with a peremptory writ of mandamus deprives the appellants of their right to appeal. Our research has revealed a split of authority on this issue. Some jurisdictions hold that compliance with a

peremptory writ of mandamus does not affect the right to appeal, since the appellant is subject to attachment, fine, or other coercive measures. *Beronio v. Pension Commission of City of Hoboken*, 130 N.J.L. 620, 33 A.2d 855 (1943); *Wise v. First National Bank*, 49 Ariz. 146, 65 P.2d 1154 (1937); *Lucas v. First Nat. Bank of Pawnee*, 171 Okla. 606, 43 P.2d 752 (1935); *O'Neill v. City of Chicago*, 169 Ill. App. 546 (1912); *Hindman v. Boyd*, 42 Wash. 17, 84 P. 609 (1906); *State v. Young*, 66 S.C. 115, 44 S.E. 586 (1902); *Martin v. William J. Johnston Co.*, 128 N.Y. 605, 27 N.E. 1017 (1891). See, Annot., 39 A.L.R.2d 183 (1955); Annot., 36-39 A.L.R.2d Later Case Service 153-191 § 18 at 379 (1977).

In contrast, other jurisdictions hold that where compliance with a peremptory writ of mandamus is voluntary there is no right to appeal. *State ex rel. Hooker v. City of St. Charles*, 668 S.W.2d 641 (Mo. App. 1984); *City of Carmel-By-The-Sea v. Monterey Cty.*, 137 Cal. App. 3d 964, 187 Cal. Rptr. 379 (1982); *Industrial Lease-Back v. Romulus Twp.*, 23 Mich. App. 449, 178 N.W.2d 819 (1970); *Nunn v. Selly*, 182 So. 2d 568 (La. App. 1966); *Callbeck et al v. Kell et al*, 211 Or. 640, 317 P.2d 589 (1957); *Travis County v. Matthews*, 221 S.W.2d 347 (Tex. Civ. App. 1949); *State ex rel. Kurth et al. v. Grinde et al.*, 96 Mont. 608, 32 P.2d 15 (1934); *Reese v. Adamson et al., Commrs., Appellants*, 276 Pa. 253, 119 A. 920 (1923); *Board of County Commrs. v. Bassett*, 14 Idaho 324, 93 P. 774 (1908); *Crouse v. Nixon*, 65 Kan. 843, 70 P. 885 (1902); *David v. The Parish of East Baton Rouge*, 27 La. Ann. 230 (1875). See, Annot., 39 A.L.R.2d, *supra*; Annot., 36-39 A.L.R.2d Later Case Service, *supra*. Under this approach, some jurisdictions focus on the issue of whether compliance was "voluntary" or "involuntary." See, e.g., *City of Carmel-By-The-Sea v. Monterey Cty., supra.*

In the present case, upon the issuance of the peremptory writ the appellants had two options available to them: either appeal that judgment, thereby obtaining a supersedeas, or comply with it. The record clearly shows the appellants failed to perfect an appeal prior to complying with the court's order. Nor do we feel that the existence of a coercive order would change the result, since the coercive order itself would have been automatically superseded by the filing of a notice of appeal.

The appellants voluntarily complied with the order; therefore, they have waived their right to appeal that order.

In addition, we also note that at oral argument, counsel for both parties conceded that the carwash had been built, therefore rendering this appeal moot.

Accordingly, the appeal is dismissed.

APPEAL DISMISSED.

BOSLAUGH, J., concurs in the result.