EASTROADS, L.L.C., AND JACQUELINE A. SULLIVAN,
TRUSTEE OF THE JACQUELINE A. SULLIVAN LIVING TRUST,
DATED APRIL 29, 1994, APPELLANTS, V.
OMAHA ZONING BOARD OF APPEALS ET AL., APPELLEES.

587 N.W.2d 413

Filed December 8, 1998.   No. A-97-384.

Michael M. O'Brien, of Michael M. O'Brien, P.C., for appellants.

Alan M. Thelen, Assistant Omaha City Attorney, for appellees.

IRWIN, Chief Judge, and HANNON and INBODY, Judges.

HANNON, Judge.

TCLA, Inc., owns a 13.4-acre tract of land situated on 13th Street and Interstate 80 in Omaha, Nebraska. Eastroads, L.L.C., and Jacqueline A. Sullivan as trustee (for simplicity, we shall call these parties Eastroads) own five noncontiguous lots which are situated adjacent to, and partially surrounding, the property owned by TCLA. Except for the difference in ownership, Eastroads' and TCLA's properties would be considered one tract. However, Eastroads is zoned "R5-Urban Family Residential District," and as of May 1996, TCLA is zoned "CC-Community Commercial District" (CC Zone). The Omaha Municipal Code in evidence states that the purpose of a CC Zone is for commercial facilities to serve the needs of several neighborhoods. For purposes of this appeal, the significant requirement of property in a CC Zone is that the owner must maintain a 30-foot bufferyard from adjacent property zoned R5. TCLA applied for and received a waiver of that requirement with the Omaha Zoning Board of Appeals (Zoning Board). Eastroads appealed the decision to the district court, which dismissed the appeal upon summary judgment. We reverse, and remand, because summary judgment is inappropriate when a district court is acting as an appellate court.

The basis of the waiver is that the bufferyard around Eastroads' four noncontiguous lots presents a practical difficulty for development of the TCLA property and an unnecessary hardship. In support thereof, TCLA alleges that Eastroads' properties were vacant and highly unlikely to be developed in accordance with their existing residential zoning and, therefore, the waiver would not impact these properties and that TCLA's property is the site of a former rubble landfill, which makes normal development expensive. TCLA alleges that by utilizing the bufferyard property, the rubble landfill would not prevent development. The application for waiver of the bufferyard requirements came on for hearing before the Zoning Board on April 18, 1996, and a motion carried approving the request for a variance to the bufferyard requirements.

Pursuant to Neb. Rev. Stat. §§ 14-413 and 14-414 (Reissue 1997), Eastroads filed a petition on appeal in the district court, alleging the action of the Zoning Board's decision was unsup-

ported by the evidence; was inequitable and contrary to law; was based in whole or in part on incompetent irrelevant evidence beyond the powers of the Zoning Board; and was arbitrary, unreasonable, clearly wrong, capricious, and illegal. The petition goes on to allege that the Zoning Board's hearing was held on April 18, 1996; that it was a rehearing; and that at the previous hearing on April 20, 1995, TCLA presented certain information to the Zoning Board. Eastroads goes on to allege that specific parts of that information were misleading for various and sundry reasons. Eastroads' allegations proceeded into considerable detail, such as the boundary of the " 'Landfill Area' " was not shown correctly, the drawing of the "Buffer Yard Area's" tract was misleading, the soil test statement did not tell the full situation, and the buried rubble did not have the effect claimed by TCLA. Eastroads also alleged TCLA falsely represented to the Zoning Board statements about soil conditions and whether the elimination of the bufferyard would devalue Eastroads' lots and create runoff and other damages. Eastroads requested a reversal of the decision of the Zoning Board. The Zoning Board filed an answer, wherein it admitted certain formal allegations and admitted the actions of the Zoning Board, but denied the other allegations of the petition, and alleged that the petition failed to join TCLA as a party.

On January 30, 1997, the Zoning Board filed a motion for summary judgment, to which it attached an affidavit and the various and numerous documents and records apparently generated in the proceeding before the Zoning Board. It prayed for summary judgment in its favor, ordering the dismissal of Eastroads' petition with prejudice. The motion came on for hearing on February 12. The Zoning Board introduced exhibits 1 through 12, which were not objected to. The judge gave Eastroads additional time to introduce additional evidence. At a hearing held on March 5, Eastroads presented exhibits 13 through 22. Those exhibits were objected to because they were not served upon the Zoning Board's attorney prior to the day of hearing. One of those exhibits purports to be the testimony of an expert previously not identified by Eastroads in answers to interrogatories. Some of these exhibits were duplicates of those already offered by the Zoning Board.

The court reserved ruling on the objections. On March 7, 1997, the judge entered an order sustaining the Zoning Board's exceptions to exhibit 13, which consisted of an affidavit containing much argument and legal authority, and some statements which one of the appellants claimed to have made to the Zoning Board; exhibit 14, an affidavit by a purported expert regarding his inspection of the property; and exhibit 19, a photographic copy of some Nebraska statutes on drainage and some correspondence on that subject. The court overruled the exceptions as to exhibit 20, which was a part of the Omaha Municipal Code relative to setback and grading. The court found upon consideration of the pleadings, evidence adduced, and argument that there was no genuine issue of any material fact and that the Zoning Board was entitled to judgment under the law. The court entered a judgment of dismissal in accordance with that conclusion.

## ASSIGNMENTS OF ERROR

Eastroads alleges the trial court erred in dismissing its cause of action and sustaining the Zoning Board's motion for summary judgment. Eastroads also alleges that its cause of action was well pled and valid, and gave the court jurisdiction.

## DISCUSSION

■ We are surprised by the Zoning Board's motion for summary judgment because the statutes do not seem to provide for a motion for summary judgment in an appeal proceeding. Neb. Rev. Stat. § 25-1330 (Reissue 1995) provides:

A party seeking to recover in district court upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the filing of [an] answer or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

■ In this action, Eastroads is not seeking to recover upon a claim, counterclaim, or cross-claim, or to obtain a declaratory judgment, but, rather, is simply seeking to appeal under a statutory procedure. The general rule is that "summary judgment is available only in the kinds of actions provided for by the statute

or court rule, and, within limitations, such provisions usually extend to actions at law or equity, and to causes based on contract." 49 C.J.S. *Judgments* § 249 (1997).

The procedure involved in this case is as provided in Neb. Rev. Stat. §§ 14-408 through 14-414 (Reissue 1997). Section 14-413 specifically provides for an appeal from the decision of a zoning board to a district court as follows:

> Any person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any officer, department, board or bureau of the municipality, may present to the district court a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of such illegality. Such petition must be presented to the court within thirty days after the filing of the decision in the office of the board.

Section 14-414 further provides:

> If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence . . . . *The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.* Costs shall not be allowed against the board . . . .

(Emphasis supplied.)

In the cases of *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992), and *Stratbucker Children's Trust v. Zoning Bd. of Appeals*, 243 Neb. 68, 497 N.W.2d 671 (1993), the Nebraska Supreme Court analyzed these statutes and other related statutes for the purpose of determining the standard of review from a zoning board and from a somewhat related board of adjustment and held:

> "[A] district court may disturb a decision of such [zoning] board [of adjustment] only if . . . the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. In deciding whether a board's decision is supported by the evidence, the district court shall consider any additional evidence it receives.
>
> . . . .
>
> ". . . [A]n appellate court reviews the decision of the district court and . . . irrespective of whether the district

court took additional evidence, the appellate court is to decide if, in reviewing a decision of the board of adjustment, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court."

*Stratbucker Children's Trust*, 243 Neb. at 71, 497 N.W.2d at 674.

The Nebraska Supreme Court had held that the term "claim" in § 25-1330 is broad enough to include injunctive relief or a declaratory action. See, *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993); *Anderson v. Carlson*, 171 Neb. 741, 107 N.W.2d 535 (1961). We find no case where the decision of an intermediate court of appeals was disposed of by a summary judgment.

Summary judgment is inappropriate in appeal proceedings to a district court, such as this case. First of all, the statutes providing for summary judgment do not provide for a summary judgment in cases of an appeal. Second, in reviewing an appeal from a district court under § 14-414, a higher appellate court is to decide, in reviewing a decision of a zoning board of appeals, if the district court abused its discretion or made an error at law, and where competent evidence supports the district court's factual findings, a higher appellate court will not substitute its factual findings for those of the district court in the course of that court's deciding whether the decision of such zoning board of appeals was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. Whereas, in reviewing a decision of a district court when it grants a summary judgment, a higher appellate court is to view the evidence in a light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that are deducible from the evidence to see if the district court correctly decided that there is no material issue of fact and that the appellee is entitled to a judgment as a matter of law. *Horvath v. M.S.P. Resources, Inc.*, 246 Neb. 67, 517 N.W.2d 89 (1994); *Katskee v. Blue Cross/Blue Shield*, 245 Neb. 808, 515 N.W.2d 645 (1994). We believe it is impossible to reconcile these con-

flicting standards of review. Likewise, it is impossible for the district judge to reconcile that judge's duty upon review of the zoning board of appeal's decision with that judge's duty to review the evidence upon consideration of a motion for summary judgment.

Furthermore, we suspect that the mechanics of holding a hearing upon an appeal under § 14-414 would not be materially more burdensome than a similar hearing for a motion for summary judgment. Additionally, in reviewing the record before us, we found it impossible to tell which evidence or information was considered by the Zoning Board and, therefore, whether the district court should have received additional evidence and if the court did in fact receive additional evidence. In short, the granting of a summary judgment in this case on appeal is simply wrong, and the cause must be reversed so that the statutory procedure may be followed.

REVERSED AND REMANDED.