EASTROADS, L.L.C., AND JACQUELINE A. SULLIVAN, TRUSTEE OF THE JACQUELINE A. SULLIVAN LIVING TRUST, DATED APRIL 29, 1994, APPELLANTS, V. OMAHA ZONING BOARD OF APPEALS ET AL., APPELLEES.

619 N.W.2d 618

Filed December 5, 2000.    No. A-99-586.

Ralph A. Froehlich for appellants.

Alan M. Thelen, Assistant Omaha City Attorney, for appellees.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Eastroads, L.L.C., and Jacqueline A. Sullivan, trustee of the Jacqueline A. Sullivan Living Trust, dated April 29, 1994 (collectively Eastroads), bring this appeal from an order of the district court which affirmed an order of the Omaha Zoning Board of Appeals (Board) granting a variance from Omaha zoning regulations governing bufferyards between properties zoned for residential and commercial uses. Because we find that the Board's grant of the variance in this case was illegal, we reverse, and remand with directions.

## II. BACKGROUND

This is the second time this particular case has appeared before this court. In *Eastroads v. Omaha Zoning Bd. of Appeals*, 7 Neb. App. 951, 587 N.W.2d 413 (1998), we reversed a district court order granting summary judgment. The relevant procedural and factual history of this case is outlined in that opinion, and we will not repeat that history here. The case was then remanded for the district court to follow the proper statutory procedure for reviewing the Board's decision. On remand, the district court received additional evidence and ultimately issued an order affirming the Board's grant of the variance. This appeal followed.

We also note that there has been at least one other action involving Eastroads and the property at issue before the appellate courts of Nebraska. In *Eastroads, Inc. v. City of Omaha*, 237 Neb. 837, 467 N.W.2d 888 (1991), the Supreme Court affirmed the district court's grant of summary judgment in a declaratory judgment action brought by Eastroads concerning rezoning of the property at issue.

## III. ASSIGNMENTS OF ERROR

On appeal, Eastroads has assigned eight errors which we consolidate for discussion to two. First, Eastroads asserts that the district court erred in affirming the Board's grant of the variance. Second, Eastroads asserts that the district court erred in finding that Eastroads' appeal of the variance was rendered par-

tially moot by the construction of a McDonald's restaurant on part of the property at issue.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

In the cases *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992), and *Stratbucker Children's Trust v. Zoning Bd. of Appeals*, 243 Neb. 68, 497 N.W.2d 671 (1993), the Nebraska Supreme Court analyzed the relevant statutes for the purpose of determining the standard of review from a zoning board and from a somewhat related board of adjustment and held:

> "[A] district court may disturb a decision of such [zoning] board [of adjustment] only if . . . the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. In deciding whether a board's decision is supported by the evidence, the district court shall consider any additional evidence it receives.
>
>     . . . .
>
> " . . . [A]n appellate court reviews the decision of the district court and . . . irrespective of whether the district court took additional evidence, the appellate court is to decide if, in reviewing a decision of the board of adjustment, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court."

*Stratbucker Children's Trust v. Zoning Bd. of Appeals*, 243 Neb. at 71, 497 N.W.2d at 674, quoting *Bowman v. City of York, supra.*

### 2. GRANT OF VARIANCE

Eastroads first alleges that the district court erred in affirming the Board's grant of the variance at issue. Eastroads argues the Board's decision was illegal and not supported by the evidence for several reasons, including that the practical difficulty upon which the variance was based was a condition created by TCLA, Inc. (the applicant), or the applicant's predecessor. Because our discussion of this assertion by Eastroads is dispositive, we will

not further discuss the other grounds upon which Eastroads argues the variance was illegal and not supported by the evidence.

■ Neb. Rev. Stat. § 14-411 (Reissue 1997) empowers the Board to grant a variance from a zoning ordinance "[w]here there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter" of the zoning ordinance. The zoning ordinance at issue in this case is § 55-716 of the Omaha Municipal Code, which requires a 30-foot landscaped bufferyard between properties zoned "Community Commercial" (CC) and properties zoned "Urban Family Residential" (R5). In the present case, the Board granted the applicant a waiver of this 30-foot bufferyard requirement.

A review of the hearing before the Board in this case, as well as the minutes of the Board granting the variance, reveals that the waiver was granted on the basis that a practical difficulty or unnecessary hardship exists on the applicant's property because approximately 55 percent of the property consists of a buried rubble fill. The applicant argued to the Board that "it's extremely cost prohibitive to build a building on top of rubble fill." As such, the applicant sought a waiver of the bufferyard requirement so buildings could be placed "around the periphery along the edges of the rubble fill."

On appeal, Eastroads argues that the rubble fill should not properly serve as a basis for a waiver or variance because the rubble fill is a "self-created difficulty." Brief for appellant at 26. Eastroads argues that "[t]he rubble fill is a man-made difficulty, either created or allowed by owners of the property." *Id.* Eastroads also asserts that the applicant's need for a variance arises from a zoning restriction that was in effect when the applicant purchased the property and is the result of a rezoning of the property accomplished by the applicant's predecessor. Eastroads asserts that such conditions cannot properly form the basis of the Board's finding of practical difficulty or undue hardship.

■ As long ago as 1955, the Nebraska Supreme Court has recognized that " '[o]rdinarily, a claim of unnecessary hardship cannot be based upon conditions created by the owner or applicant.' " *Frank v. Russell,* 160 Neb. 354, 361-62, 70 N.W.2d 306,

311 (1955). Indeed, the court in *Frank* made such a consideration one of numerous specific reasons why an application for a variance may not be granted. In a similar vein, the court also stated that " '[t]he claim of unnecessary hardship as a ground for a variance is not ordinarily available to one who purchased the premises after the enactment of the regulation in question.' " *Id.* at 362, 70 N.W.2d at 312. Although *Frank v. Russell, supra,* was an appeal from a decision of a board of adjustment, not a zoning board of appeals, the Supreme Court and this court have both recognized the generally analogous treatment to be given to both situations. See, *Stratbucker Children's Trust v. Zoning Bd. of Appeals,* 243 Neb. 68, 497 N.W.2d 671 (1993); *Eastroads v. Omaha Zoning Bd. of Appeals,* 7 Neb. App. 951, 587 N.W.2d 413 (1998).

In the present case, the evidence indicates that the rubble fill consists primarily of buried brick, broken concrete, glass, metal fragments, and other "construction and demolition rubble" that were apparently dumped there and buried. Additionally, the record before us indicates that the ordinance creating the 30-foot bufferyard requirements dates back at least to 1980, because § 55-716 of the Omaha Municipal Code has been in effect since at least 1980. The record also reveals that the property at issue was rezoned from a residential designation to a commercial designation on August 23, 1988. The rezoning from a residential designation to the current commercial designation was requested by an organization named "Thirteenth Street Associates." The current applicant apparently acquired title to the property at some point in time after August 23, 1988, although we have not been directed to any competent evidence in the record to indicate precisely when such occurred. Nonetheless, it is apparent that the property was rezoned to a commercial designation in 1988 and that such rezoning brought into effect the city zoning ordinance requiring bufferyards between commercial and residential lots, which ordinance was in effect since at least 1980. Under these circumstances, it is not appropriate for the applicant to receive a waiver of a zoning requirement which was in full effect when the applicant's predecessor sought rezoning and when the applicant took title to the land. See *Frank v. Russell, supra.*

We conclude the district court should have found the Board's decision to grant the variance was illegal and not supported by the evidence. The district court's failure to do so constitutes an abuse of discretion and requires reversal.

### 3. MOOTNESS

Although we have already concluded that the district court committed reversible error in affirming the grant of the variance, we feel the need to address Eastroads' assigned error concerning the district court's finding that the case was moot as to one parcel of property where construction had already taken place.

During the hearing after remand, the district court was informed as follows:

> Finally, Judge, I would like to note that the McDonald's Restaurant has been built on the northeast edge — corner of the property right in here (indicates). As is shown on this drawing, that development does infringe into the buffer yards.
>
> We may have a mootness question here, and with that — in that regard, I would like to refer the Court to the case, Cummings Enterprises versus Shukert.
>
> . . . .
>
> Submit that as an additional ground for affirming the Zoning Board decision here. The fact that the restaurant has been built and that it thus renders this case moot.

In the course of pronouncing oral findings on the matter, the district court made the following remarks:

> Further, since the time of the summary judgment order which was entered in this case on March the 7th of 1997, the McDonald's Restaurant has now been constructed in the 13th Street area where it intersects with the access road on the north side of the property. And I do find that the issue is moot . . . as to the one parcel of land in question which adjoins this McDonald's Restaurant property that's been referred to in the evidence.

We note, however, that despite the oral pronouncements, the court did not include any finding of mootness in the written order issued in this case. In that order, the court merely found the Board's decision "was legal [and] supported by the evidence."

We do not believe *Cummings Enterprises v. Shukert*, 231 Neb. 370, 436 N.W.2d 199 (1989), the case referred to by the court at trial, stands for the proposition that a challenge to a variance is rendered moot if the applicant is able to build quickly enough to finish construction before the challenge can be reviewed by the district court. *Cummings* was concerned with an application for a writ of mandamus to secure a building permit. The trial court had ordered the city of Omaha to issue a building permit, and the city complied with the court's order prior to securing an appeal of the order. Before the appeal was heard by the Supreme Court, the applicants had finished construction of the building for which they had sought the permit. The Supreme Court held that the city had waived the right to challenge the court's order by issuing the permit prior to securing an appeal. In dicta, the court further noted that counsel for both parties conceded the appeal had been rendered moot by the completion of the building. The court did not explain why such action would have rendered the appeal moot, and the comment was merely dicta.

We think the case *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992), is far more persuasive and analogous to the issue in the present case. In *Bowman*, a zoning variance was granted, and a challenge to the variance was brought before the district court. Before the challenge could be heard by the district court, the applicants erected a structure in reliance on the variance. The district court found the variance to have been improperly granted and ordered the structure torn down. The Supreme Court affirmed this action. These facts appear to be far more similar to the present case than *Cummings Enterprises v. Shukert, supra.*

As such, we conclude that any completed construction on the property in reliance on the variance would not render the issue of the variance's propriety moot. There is not sufficient competent evidence before us concerning any such completed construction and its potential infringement of the required bufferyards, nor has the issue been properly raised for any disposition analogous to *Bowman v. City of York* at this time. At this time, we merely note that the issue is not rendered moot, as the district court erroneously held.

## V. CONCLUSION

We find the district court abused its discretion in not finding the Board's grant of the applicant's variance to be illegal and unsupported by sufficient evidence. As a result, we reverse the district court's order and remand the matter with directions to reverse the granting of the variance.

REVERSED AND REMANDED WITH DIRECTIONS.