STATE OF NEBRASKA, APPELLEE, V. DAVID WENZEL, APPELLANT.

242 N. W. 2d 120

Filed May 26, 1976. No. 40427.

256

Bruce G. Mason of Ross & O'Connor, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, David Wenzel, was convicted of the sale of controlled substances on each of three counts. He was sentenced to a term of 1 to 2 years in the Nebraska Penal and Correctional Complex on each count, the sentences to run concurrently. The only issue involved in this appeal is: Was it reversible error for the trial court to refuse to require an undercover officer to disclose the name of an informant upon request by the defendant at trial. We affirm.

A female undercover officer of the Omaha vice and narcotic division went to the Heet Lounge in Omaha with an informant who introduced her to the defendant whom she had never met. After the introduction she engaged defendant in conversation, inquiring of him if he had coke (cocaine) and some P.C.P. (phencylidine). At the time of this conversation the informant was a few feet away. It was the officer's testimony that the informant could not hear the conversation because the music was so loud.

The officer testified defendant said he could supply

the drug and asked if she had $80. She said "Yes." The defendant then told her that he owed someone the money and that she should give it to another person who was working at the Heet Lounge. This person was pointed out to her. The officer walked over to him and asked if he knew the defendant and if she was to give him some money. He said "Yes." She gave him the money.

After she gave this third person the money, she was directed by the defendant to a hallway off the main dancing room of the lounge. She went to the hallway and proceeded up the staircase where she turned around and saw the defendant toss an empty cigarette package on the ledge. The defendant pointed to it and she nodded. The package contained two small packets of a white powder which she picked up, left the lounge, and turned the packet over to the property room of the Omaha police department.

The police officer testified that her next contact with the defendant was approximately 1 to 2 weeks later. At this conversation, defendant told her that he could get her some more cocaine. She made contact with him on one or two other occasions. On one of these occasions, she was told to meet defendant at the Heet Lounge on February 1, 1975.

On February 1, 1975, when she saw the defendant enter the Heet Lounge, she followed him into a room where the employees punch in and out for work. After defendant punched in, she asked him if he had the cocaine. He said "Yes," and took out of a pocket an empty cigarette package containing cocaine, which he gave to her and she gave him the $80.

The informant did not see the drug transaction. He did walk out with her when she left the lounge after the first purchase but did not accompany her to the station. On the second occasion, she was entirely alone.

When the undercover officer was asked the name of her informant, she refused to give it. Defendant's coun-

sel then asked her if it was not Caradori, who was in the Iowa Penitentiary, and she refused to answer.

Two other undercover officers were working the lounge at the time of the first transaction and were providing cover for her. One of them on rebuttal testified he saw her in conversation with the defendant. On being asked the name of the party she was with on that occasion, he gave the name "Scott Caradori."

Defendant, citing Roviaro v. United States (1957), 353 U. S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639, argues that the District Court committed reversible error in not requiring the witness to disclose the identity of the informant. Defendant argues the informant was present at the occurrence of the alleged crime and might be a material witness as to whether the accused knowingly delivered the controlled substances.

The record does not establish what defendant attempts to read into it. The record is undisputed the informant introduced the undercover officer to the defendant. The record is also undisputed the informant was not present when the drugs were delivered to the undercover agent. The record is also clear the only participation of the informant was the introduction of the undercover agent as "Sandy." He was a few feet from her at the time she visited with defendant. The record is also undisputed the place was noisy on that occasion, and to be able to hear one needed to have his ear very close to the person talking. On the second occasion, the informant was not with the undercover agent.

In Roviaro, the Supreme Court of the United States said: "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible signifi-

cance of the informer's testimony, and other relevant factors."

We agree, where a witness is an active participant or sees the delivery of the drugs, disclosure may be material to the defense. Here, however, neither of those elements were present.

The situation we have is analogous to the one in United States v. Russ, 362 F. 2d 843 (2d Cir., 1966). It was a narcotics prosecution. The informer merely introduced the government agent to the defendant. The informer did not participate in the sale or witness its consummation. There, Judge Kaufman, writing for the Court of Appeals, affirmed the trial court's refusal to require the government to identify the informer.

While the undercover officer refused to disclose the name of her informant, and the court did not require her to do so, the defendant was aware of the name and the whereabouts of the informant. On cross-examination, the undercover agent was asked if the informant's name was Caradori, who is in the Iowa Penitentiary now. Subsequently, one of the State's witnesses was asked who was with the undercover agent on the first occasion and he replied, "Scott Caradori."

From the cross-examination, it is evident the defendant well knew the name of the informant. Consequently, even if the informant's identity was material to the defense, the refusal to make the disclosure would not be prejudicial. In United States v. Barnes, 486 F. 2d 776, (8th Cir., 1973), Judge Lay, writing for the court, said: "In some instances no prejudice results if the informant's identity was either known by the defendant or else disclosed through the testimony of other witnesses. See, e.g., Churder v. United States, 387 F. 2d 825 (8th Cir. 1968); Smith v. United States, 273 F. 2d 462 (10th Cir. 1959), cert. denied, 363 U. S. 846, 80 S. Ct. 1619, 4 L. Ed. 2d 1729 (1960); * * *."

Defendant now contends the informer's identity was necessary to his defense but he made no such showing

in the record. The rule is well established that a defendant who requests disclosure must make a sufficient showing that disclosure is required. Our position is well expressed in United States v. Alvarez, 472 F. 2d 111 (9th Cir., 1973): "At the outset, we must recognize that no hard and fast rule can be patterned with reference to disclosure of the name of an informer. The trial judge must balance the public interest in protecting the flow of information against the individual's right to prepare his defense. The answer depends upon the particular facts in each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors. Roviaro v. United States, 353 U. S. 53, 62, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957). In applying this rule to our facts, we emphasize that this circuit is firmly committed to the dogma that in balancing the interest of the government against that of the accused, the burden of proof is on the defendant to show need for the disclosure."

We reiterate, all the informant did in the present case was to introduce the undercover agent to the defendant. It is undisputed he was not present at the consummation of the transaction. The disclosure of the name of the informant was within the discretion of the trial judge. What was said in United States v. Waters, 461 F. 2d 248 (10th Cir., 1972), is pertinent herein: "Appellant Robins additionally contends the informer's identity was necessary to his defense in seeking evidence relating to the veracity of the coparticipant who testified against him. Speculation as to possible assistance in the defense of a case which would be afforded by disclosure of the informer's identity is not a sufficient basis for requiring that disclosure. Disclosure of the identity of an informer is a matter of judicial discretion. We cannot conclude the trial court's decision was an abuse of that discretion requiring reversal."

It is undisputed the informant was in no way in-

volved in the second drug transaction. Defendant's sole defense rested upon his denial that the transaction took place. The defendant was convicted on the charge of unlawful delivery of controlled substance in each of three counts. He was given a minimal sentence of not less than 1 nor more than 2 years, and the three sentences run concurrently.

On the record, we cannot conclude the trial court's decision was an abuse of discretion. We affirm the judgment.

AFFIRMED.