FORREST BOOKER, APPELLEE, V. NEBRASKA STATE PATROL, APPELLANT.
477 N.W.2d 805

Filed December 20, 1991.   No. 89-501.

Robert M. Spire, Attorney General, Frederick R. King, and, on brief, Douglas J. Peterson for appellant.

Allen L. Fugate for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The Nebraska Equal Opportunity Commission found that, in violation of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 et seq. (Reissues 1984 & 1988), the respondent-appellant, Nebraska State Patrol, discriminated against the complainant-appellee, Forrest Booker, by constructively discharging him from employment because of his physical disability. The commission thereupon ordered, among other things, that the patrol reinstate Booker to employment. The patrol then appealed to the district court, which, on March 23, 1989, affirmed the commission's order. The patrol next sought a new trial, which the district court denied on April 24, 1989. The patrol thereafter, on May 19, 1989, filed its notice of appeal to this court.

Booker correctly asserts this court lacks authority to consider the issues presented by the patrol's various assignments of error.

It is true that the patrol filed its notice of appeal within 30 days of the district court's order overruling the patrol's request for a new trial, as contemplated by Neb. Rev. Stat. § 25-1912 (Reissue 1989). However, we have held that a motion for new trial may appropriately be filed only in a trial court. See *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 459 N.W.2d 519 (1990). It is improper to move for a new trial in a court which reviewed the decision of a lower court or administrative agency and thus functioned not as a trial court but as an intermediate court of appeals. See *Interstate Printing Co., supra*. It necessarily follows then that the filing of a motion for new trial in a court which functioned as an intermediate court of appeals does not stop the running of the time within which to perfect an appeal from the reviewing court. *Id.*

The patrol had 30 days from the entry of the district court's affirmance of the commission's order within which to file its notice of appeal to this court. See § 25-1912. The patrol having failed to meet this deadline, we acquire no jurisdiction to do anything other than dismiss the appeal. See, *Williams v. Gering Pub. Schools*, 236 Neb. 722, 463 N.W.2d 799 (1990); *Giangrasso v. Eagle Distributing Co.*, 185 Neb. 406, 176 N.W.2d 16 (1970).

APPEAL DISMISSED.