496 N.W.2d 506 (1993)
242 Neb. 685
Gilbert HUEFTLE, Appellee,
v.
NORTHEAST TECHNICAL COMMUNITY COLLEGE BOARD OF GOVERNORS, and the Northeast Technical Community College Area, a Body Corporate and a Political Subdivision of the State of Nebraska, Appellants.
No. S-90-996.
Supreme Court of Nebraska.
March 5, 1993.
John M. Gerrard, of Gerrard, Stratton & Mapes, P.C., Norfolk, for appellants.
Max G. Dreier, of Jewell, Gatz, Collins, Dreier & Fitzgerald, Norfolk, for appellee.
HASTINGS, C.J., and BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.
PER CURIAM.
This appeal from the district court for Madison County must be dismissed because it was not timely filed in this court.
Based upon the college's policy of mandatory retirement at age 70, the Northeast Technical Community College Board of Governors (Board) terminated the employment of Gilbert Hueftle, one of its teachers. Hueftle reached age 70 during the 1989-1990 school year.
Hueftle filed a petition in error in the district court on March 9, 1990. At a hearing on July 6, 1990, the court received the record of the Board's proceedings and heard arguments of counsel. On July 18, 1990, finding that there was insufficient evidence as a matter of law to support the Board's decision, the district court vacated the Board's decision and ordered Hueftle reinstated.
*507 On July 20, 1990, the Board filed a motion for a new trial which the court heard on July 31. On September 13, 1990, the court overruled the motion for a new trial. The Board filed its appeal to this court on September 17, 1990.
Because the appeal to this court was not timely, we lack jurisdiction to consider the issues presented on appeal by the Board.
[A] motion for new trial may appropriately be filed only in a trial court. See Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990). It is improper to move for a new trial in a court which reviewed the decision of a lower court or administrative agency and thus functioned not as a trial court but as an intermediate court of appeals. See Interstate Printing Co., supra. It necessarily follows then that the filing of a motion for new trial in a court which functioned as an intermediate court of appeals does not stop the running of the time within which to perfect an appeal from the reviewing court. Id.

Booker v. Nebraska State Patrol, 239 Neb. 687, 688, 477 N.W.2d 805 (1991).
The district court in this case functioned as an intermediate court of appeals. As such, the court did not act as a trial court, it only reviewed the record of the hearing before the Board. Thus, the filing of a motion for new trial in that court did not stop the running of the time within which to perfect an appeal. The Board had 30 days from entry of the district court's July 18, 1990, order in which to file an appeal to this court. See Neb.Rev.Stat. § 25-1912 (Reissue 1989). Because the Board failed to meet this deadline, we lack jurisdiction of the appeal.
APPEAL DISMISSED.