RONALD D. KUHLMANN, APPELLANT, V. CITY OF OMAHA
AND CITY OF OMAHA ZONING BOARD OF APPEALS, APPELLEES.
556 N.W.2d 15

Filed December 6, 1996.    No. S-94-883.

John M. Vodra and Victor J. Lich, Jr., of Lich, Herold & Mackiewicz, for appellant.

Alan M. Thelen, Assistant Omaha City Attorney, for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

LANPHIER, J.

Appellant, Ronald D. Kuhlmann, sold property located at 6015 South 30th Street to C.M.T. Enterprises (C.M.T.) and its president, Michael Christensen, after obtaining a 1-year use waiver on the property from the City of Omaha Zoning Board of Appeals (Board). This 1-year waiver allowed C.M.T. to operate a recycling business within 300 feet of a residential zone. After the year had expired, the Board did not renew the waiver.

Upon the failure of the Board to renew the waiver, Kuhlmann filed a petition in Douglas County District Court pursuant to Neb. Rev. Stat. § 14-413 (Reissue 1991) for review of the Board's decision. The City of Omaha (City) filed a counterclaim to Kuhlmann's action, stating that Kuhlmann was violat-

ing the city municipal code and requesting injunctive relief to stop the operation of the business and to clear the property. The district court granted the temporary injunction.

Prior to the trial to make the temporary injunction permanent, Kuhlmann voluntarily dismissed his petition. The City proceeded with its counterclaim. The district court for Douglas County then found for the City and ordered a permanent injunction against Kuhlmann. This appeal follows. We removed the case from the Nebraska Court of Appeals docket pursuant to our power to regulate the dockets of the appellate courts. We conclude that pursuant to § 14-413 and Neb. Rev. Stat. § 14-414 (Reissue 1991), the district court did not have subject matter jurisdiction to hear the City's counterclaim or to order injunctions against Kuhlmann. The judgment of the district court is therefore reversed.

## BACKGROUND

In March 1991, Kuhlmann entered into a land contract to sell the subject property to C.M.T. and Christensen, with a closing date of May 1, 1991. This sale was conditioned upon a use waiver being obtained from the City to allow C.M.T. to run a recycling business within 300 feet of the existing residential zone.

On March 28, 1991, the Board granted a 1-year waiver of the 300-foot setback, subject to the landscaping plan submitted to the Board. After a year, on April 23, 1992, the Board denied a motion for an additional waiver on a 2-to-2 vote. On May 22, Kuhlmann filed a petition in Douglas County District Court against the City and the Board for review of the denial of the variance request pursuant to § 14-413. Kuhlmann claimed the denial was arbitrary and illegal, and asked for reinstatement of the waiver.

The City answered Kuhlmann's action, stating that the landscaping conditions had not been met, and counterclaimed, alleging that Kuhlmann "has operated, or has allowed to operate, a landfill operation on the subject property" in violation of § 55-767(b) of the Omaha Municipal Code. The City sought both a temporary and a permanent injunction pursuant to Neb. Rev. Stat. § 14-415 (Reissue 1991) to enjoin Kuhlmann from

the illegal uses of the subject property and to remove the materials from it. Kuhlmann replied that the variance was not temporary and, in regard to the counterclaim, stated that § 14-415 does not authorize equitable relief to force the removal of material from the subject property. The City then filed for a temporary injunction.

On October 30, 1992, a hearing was held on the temporary injunction. On December 4, the court issued an order finding Kuhlmann was occupying and using the building on the property without a "Certificate of Occupancy" and ordered Kuhlmann not to operate a recycling business, landfill, or scrap or salvage operation on the property in violation of the city ordinance. The court enjoined Kuhlmann from operating said activities and ordered him to remove scrap materials listed in the order.

The City filed a "Motion for Finding of Contempt of Court" against Kuhlmann, C.M.T., and Christensen on March 3, 1993, for violation of the December 4, 1992, order. Kuhlmann, C.M.T., and Christensen were issued an "Order to Show Cause." On April 9 and 26, 1993, the district court held hearings on the motion. On June 4, the district court entered an order finding Kuhlmann in contempt of court for "aiding and abetting a business operation not in compliance with the Ordinances of the City of Omaha." The district court also found that Kuhlmann was in privity of contract with both C.M.T. and Christensen, and that in a land contract, the vendor "retains legal title to the property as security for payment of contract price."

On June 19, 1993, a sentencing hearing was held. Kuhlmann, C.M.T., and Christensen were ordered to have the property cleaned and all junk removed before July 26 or they would be fined $500 per day until the property was clear. On August 11, the City filed a "Motion for Sanctions for Contempt" against Kuhlmann, C.M.T., and Christensen. On August 31, a hearing was held on the motion. On September 1, the City filed a "Motion for Increased Sanctions for Contempt" and a second "Order to Show Cause" was issued.

On December 30, 1993, Kuhlmann filed a motion for the dissolution or modification of the temporary injunction and vaca-

tion of the judgment of contempt. Kuhlmann requested the court to dissolve the December 4, 1992, temporary injunction and to vacate the June 4, 1993, contempt judgment. The district court denied the motion on February 18, 1994. The district court stated that once the use waiver was denied, C.M.T. was in default of the land contract by its continual operation of the salvage yard in violation of Omaha city ordinances. The district court stated that once Kuhlmann notified C.M.T. of the default and C.M.T. did not effect a cure or obtain a variance, Kuhlmann had 10 months to bring a foreclosure action. The court stated that by his inactivity, Kuhlmann allowed the illegal operation of a salvage yard to continue on the subject property. On March 10, Kuhlmann was fined $1,000 for contempt, with $500 of the fine to be purged by his foreclosure action on the property.

Final trial was held on June 27, 1994. Kuhlmann voluntarily dismissed his cause of action regarding the petition for a variance of the subject property. On July 28, the district court found in favor of the City on its counterclaim and entered a permanent injunction along the lines of the temporary injunction enjoining Kuhlmann from using the property or allowing the property to be used for the purpose of operating a recycling business, scrap and salvage yard, or landfill. Kuhlmann was instructed to remove any and all scrap materials and garbage from the property.

Kuhlmann motioned for a new trial on August 5, 1994. The district court denied this motion on August 25. This appeal followed.

### ASSIGNMENTS OF ERROR

Summarized and restated, Kuhlmann assigns first as error the district court's lack of jurisdiction regarding the City's counterclaim, the application for temporary injunction, and the motions relating to the contempt action.

Second, Kuhlmann asserts that the district court erred in its orders and findings with regard to both the injunctions and the contempt actions because Kuhlmann had sold the subject property to C.M.T., was no longer using the property, and was not in privity with C.M.T. or Christensen, and because the district court had no right to exert dominion or control over the property or the business being conducted thereon.

## STANDARD OF REVIEW

An appellate court reviews the decision of a district court, and irrespective of whether the district court took additional evidence, the appellate court is to decide if, in reviewing a decision of a zoning board of appeals, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court. *Stratbucker Children's Trust v. Zoning Bd. of Appeals,* 243 Neb. 68, 497 N.W.2d 671 (1993).

## ANALYSIS

Decisions of a zoning board of appeals are reviewable by a district court pursuant to §§ 14-413 and 14-414. Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *In re Interest of Jaycox,* 250 Neb. 697, 551 N.W.2d 9 (1996); *In re Interest of Aaron K.,* 250 Neb. 489, 550 N.W.2d 13 (1996); *Buffalo County v. Kizzier,* 250 Neb. 247, 548 N.W.2d 753 (1996); *Buffalo County v. Kizzier,* 250 Neb. 180, 548 N.W.2d 757 (1996); *Torrison v. Overman,* 250 Neb. 164, 549 N.W.2d 124 (1996); *Payne v. Nebraska Dept. of Corr. Servs.,* 249 Neb. 150, 542 N.W.2d 694 (1996).

Section 14-413 provides that a zoning board of appeals' decision may be reviewed by a district court, but the scope of the district court's review is limited to the legality or illegality of the board's decision. We explained the scope of the court's authority regarding § 14-413 in *Roncka v. Fogarty,* 152 Neb. 467, 471, 41 N.W.2d 745, 748 (1950):

It is apparent that the plaintiffs' action in the district court is one for trial de novo within the limitations of the pleadings and the evidence taken before the court, and constitutes an attack upon the action of the board of appeals as to whether such board acted within the scope of its authority under the city charter, or whether such action on the part of the board of appeals was illegal.

Section 14-414 provides that the district court "may reverse or affirm, wholly or partly, or may modify the decision brought

up for review." Pursuant to § 14-414, the district court is given only the power to reverse, modify, or affirm "the decision brought up for review." The City's counterclaim was not the subject of any appeal to the Board and thus was not brought up for review. Therefore, the district court had no authority to deal with the counterclaim or to issue injunctions. See *Stratbucker Children's Trust v. Zoning Bd. of Appeals, supra.* The district court was acting as an appellate court to review the proceedings before the Board. It was without authority in this action to expand the issues and therefore made an error of law by hearing the counterclaim and ordering injunctive relief.

The City argues that because Kuhlmann failed to make a motion to strike the counterclaim, the current challenge to the counterclaim is without merit. We disagree. Jurisdiction is defined as a court's power or authority to hear a case. *Welch v. Welch,* 246 Neb. 435, 519 N.W.2d 262 (1994). The district court's power in this case extends only to reviewing issues which were brought up for review from the Board. Because the counterclaim was never before the Board, the district court lacked the power to hear the case and was without subject matter jurisdiction over the counterclaim. Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties. *Fox v. Metromail of Delaware,* 249 Neb. 610, 544 N.W.2d 833 (1996); *In re Adoption of Kassandra B. & Nicholas B.,* 248 Neb. 912, 540 N.W.2d 554 (1995); *In re Interest of J.T.B. and H.J.T.,* 245 Neb. 624, 514 N.W.2d 635 (1994). A judgment entered by a court which lacks subject matter jurisdiction is void. It is a longstanding rule in Nebraska that such a void judgment may be attacked at any time in any proceeding. *Bradley v. Hopkins,* 246 Neb. 646, 522 N.W.2d 394 (1994); *Vonseggern v. Willman,* 244 Neb. 565, 508 N.W.2d 261 (1993). Because the court lacked subject matter jurisdiction over the counterclaim, Kuhlmann could raise his objection at any time during the proceeding and was not required to make a motion to strike.

The City also argues that it may be granted an injunction pursuant to § 14-415 and that Neb. Rev. Stat. § 25-813 (Reissue 1995) allows such relief to be requested by way of permissive

counterclaim. We do not agree. The City does have the authority to request injunctive relief pursuant to § 14-415. Section 14-415 provides:

> The city, in addition to other remedies, may institute any appropriate action or proceedings to prevent an unlawful . . . use of any building or structure in violation of any ordinance or regulations enacted or issued pursuant to sections 14-401 to 14-418, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises.

Although a city may request injunctive relief pursuant to § 14-415, the statute specifically provides that the city may institute any appropriate action in order to receive this relief. Statutory language is to be given its plain and ordinary meaning. In addition, an appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993). The plain meaning of the word "institute" is to start or initiate. In the present case, the City could not initiate the action. The district court, sitting as an appellate court, had only the jurisdiction to review proceedings below. Pursuant to § 14-415, injunctive relief may not be requested for the first time in the district court by way of a counterclaim in an appeal pursuant to § 14-413. The party requesting injunctive relief must institute the action. Thus, because the City did not initiate the action, it may not request an injunction pursuant to § 14-415.

The City further argues that injunctive relief is possible in this action based on our holding in *Bowman v. City of York*, 240 Neb. 201, 482 N.W.2d 537 (1992). *Bowman*, however, dealt with an appeal under Neb. Rev. Stat. §§ 19-910 and 19-912 (Reissue 1991), which concern appeals from a board of adjustment. Furthermore, § 19-912 specifically authorizes the district court to grant a restraining order. This is not the case with § 14-413. Thus, we do not find *Bowman* to be persuasive.

## CONCLUSION

The district court erred in hearing the City's counterclaim and awarding injunctive relief because it did not have subject

matter jurisdiction over the counterclaim. Because we find that jurisdiction did not exist in the district court, we do not reach the issue of whether Kuhlmann was a proper party to the suit.

REVERSED.