565 N.W.2d 41 (1997)
5 Neb. App. 785
Bernard J. MORELLO, Appellant,
v.
CITY OF OMAHA ZONING BOARD OF APPEALS et al., Appellees.
No. A-96-187.
Court of Appeals of Nebraska.
June 10, 1997.
*42 Eric L. Klanderud, of Walentine, O'Toole, McQuillan & Gordon, Omaha, for appellant.
Herbert M. Fitle, Omaha City Attorney, and Alan M. Thelen, Omaha, for appellees.
IRWIN, SIEVERS, and MUES, JJ.
MUES, Judge.

FACTS
Bernard J. Morello owns certain real property in Omaha, Nebraska. The property is zoned "general office." Morello sought to have the property rezoned so that he could build a convenience store with gas pumps and a carwash. When the Omaha City Council and the city planning department denied his request, Morello filed an application with the City of Omaha Zoning Board of Appeals (Board) seeking a use waiver. The Board heard Morello's request on May 18, 1995, and denied the same. After reconsideration, Morello's request was again denied.
Pursuant to Neb.Rev.Stat. § 14-413 (Reissue 1991), Morello filed a petition for review with the Douglas County District Court. The district court held a hearing on October 20, 1995. At the hearing, the parties submitted the evidence that was presented to the Board, including a verbatim transcript of the proceedings. After reviewing the evidence, the district court affirmed the decision of the Board on December 4. Morello filed a motion for new trial on December 14, seeking, inter alia, to offer additional evidence. The court heard arguments on January 5, 1996, and denied the motion on January 18. Morello filed his appeal to this court on February 12. Because the appeal to this court was not timely filed, we lack jurisdiction to consider the issues presented on appeal.

ASSIGNMENTS OF ERROR
Restated, Morello alleges that the district court erred in affirming the decision of the Board and in denying his motion for new trial.
STANDARD OF REVIEW
An appellate court reviews the decision of a district court, and irrespective of whether the district court took additional evidence, the appellate court is to decide if, in reviewing a decision of a zoning board of appeals, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court. Kuhlmann v. City of Omaha, 251 Neb. 176, 556 N.W.2d 15 (1996).

JURISDICTION
Before we can determine the merits of Morello's assignments of error, we must first address the Board's argument that we lack jurisdiction over this appeal.
Jurisdiction is a court's power or authority to hear a case. Kuhlmann v. City of Omaha, supra; Welch v. Welch, 246 Neb. 435, 519 N.W.2d 262 (1994). An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction. Manske v. Manske, 246 Neb. 314, 518 N.W.2d 144 (1994). A notice of appeal must be filed within 30 days of the final order from which an appeal is taken. Neb.Rev.Stat. § 25-1912(1) (Reissue 1995). Generally, a motion for new trial tolls the time during which a notice of appeal must be filed. § 25-1912(2). However,
"[a] motion for new trial may appropriately be filed only in a trial court. See Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990). It is improper to move for a new trial in a court which reviewed the decision of a lower court or administrative agency and thus functioned not as a trial court but as an intermediate court of appeals. See Interstate Printing Co., supra. It necessarily follows then that the filing of a motion for new trial in a court which functioned as an intermediate court of appeals *43 does not stop the running of the time within which to perfect an appeal from the reviewing court. Id."

Hueftle v. Northeast Tech. Community College, 242 Neb. 685, 686-87, 496 N.W.2d 506, 507 (1993) (quoting Booker v. Nebraska State Patrol, 239 Neb. 687, 477 N.W.2d 805 (1991)).
An administrative agency is a governmental authority, other than a court and other than a legislative body, which affects rights of private parties through either adjudication or rulemaking. Hoiengs v. County of Adams, 245 Neb. 877, 516 N.W.2d 223 (1994). "The [zoning] board [of appeals], which is neither a court nor a legislature, is a governmental authority that affects the rights of private parties through adjudication or rulemaking. As such, it functions primarily as an administrative agency." Stratbucker Children's Trust v. Zoning Bd. of Appeals, 243 Neb. 68, 73, 497 N.W.2d 671, 675 (1993). "A zoning board of appeals is vested with discretion to dispose of matters within its province, but its acts are judicial in nature and are subject to review and reversal when they constitute an abuse of discretion and are arbitrary." McClelland v. Zoning Bd. of Appeals, 232 Neb. 711, 712, 441 N.W.2d 893 (1989).
The Supreme Court first addressed the specific issue of whether a district court, reviewing the decision of a zoning board of appeals, acts as a trial court or as an appellate court in Kuhlmann v. City of Omaha, 251 Neb. 176, 556 N.W.2d 15 (1996). In that case, the zoning board of appeals granted Kuhlmann a 1-year use waiver. After the year expired, the board did not renew the waiver, and Kuhlmann appealed to the district court for a review of the board's decision. The City of Omaha filed a counterclaim, alleging that Kuhlmann was in violation of the city municipal code and requesting injunctive relief. Eventually, the district court granted a permanent injunction against Kuhlmann, and Kuhlmann appealed. The Supreme Court observed that pursuant to § 14-413,
a zoning board of appeals' decision may be reviewed by a district court, but the scope of the district court's review is limited to the legality or illegality of the board's decision....
... Pursuant to § 14-414, the district court is given only the power to reverse, modify, or affirm "the decision brought up for review." The City's counterclaim was not the subject of any appeal to the Board and thus was not brought up for review.... The district court was acting as an appellate court to review the proceedings before the Board.
251 Neb. at 181-82, 556 N.W.2d at 19.
Morello acknowledges that the district court performs some appellate functions, but argues that this type of appeal is really a hybrid between an appeal and a trial and that, therefore, a motion for new trial was appropriate. In support of this contention, Morello observes that under § 14-413 and Neb.Rev.Stat. § 14-414 (Reissue 1991), a party aggrieved by a decision of a zoning board must file a petition to initiate a review of the board's decision and that the district court may hear additional evidence. Thus, he argues, the district court becomes a fact finder, much as it does in a bench trial.
The case Williams v. Gering Pub. Schools, 236 Neb. 722, 463 N.W.2d 799 (1990), involved an appeal from a Nebraska Department of Education administrative hearing. The Supreme Court determined that an appeal was timely filed after a motion for new trial had been denied. The relevant statute at that time, Neb.Rev.Stat. § 79-3354 (Reissue 1987), provided in part:
Judicial review shall be conducted by the [district] court without a jury. The court shall receive the records of the administrative proceedings, hear additional evidence at the request of a party, base its decision on the preponderance of the evidence, and grant such relief as the court determines is appropriate.
(Emphasis supplied.)
This is clearly distinguishable from the present case. Section 14-414 provides in part:
If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to *44 take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.
(Emphasis supplied.)
As is obvious from the language which we have emphasized in the foregoing statutes, the review by a district court under § 79-3354 compels it to receive additional evidence if requested by a party, whereas § 14-414 allows the court to do so if it deems it necessary for proper disposition of the matter. Moreover, under § 79-3354, the district court is to render a decision based on the preponderance of the evidence, a standard customarily reserved for civil trial proceedings, whereas under § 14-414, the district court's function is to reverse, modify, or affirm the zoning board decision brought up for review.
Hueftle v. Northeast Tech. Community College, 242 Neb. 685, 496 N.W.2d 506 (1993) and Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990), were appeals brought pursuant to the Administrative Procedure Act (APA). We believe the review procedures under the APA are analogous to reviews under §§ 14-413 and 14-414. Under the APA, reviews are initiated by filing a petition in the district court. See Neb.Rev.Stat. § 84-917 (Reissue 1994). The district court conducts a de novo review on the record of the agency and may affirm, modify, or reverse the decision of the agency. See George Rose & Sons v. Nebraska Dept. of Revenue, 248 Neb. 92, 532 N.W.2d 18 (1995). An appellate court reviews the judgment of the district court for errors appearing on the record and will not substitute its factual findings for those of the district court where competent evidence supports those findings. Id. When reviewing an order of a district court under the APA for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. Id.
In zoning board appeals, reviews are initiated by filing a petition in the district court. See § 14-413. The district court is limited to reviewing the decision brought up for review. See Stratbucker Children's Trust v. Zoning Bd. of Appeals, 243 Neb. 68, 497 N.W.2d 671 (1993). The district court may disturb a decision of a zoning board only if the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong. Id. An appellate court reviews the decision of the district court, and irrespective of whether the district court took additional evidence, the appellate court is to decide if, in reviewing a decision of a zoning board of appeals, the district court abused its discretion or made an error of law. Where competent evidence supports the district court's factual findings, the appellate court will not substitute its factual findings for those of the district court. Id.
Although in zoning board appeals the district court may take additional evidence, which is not allowed in an APA review, in this case it did not. Indeed, it was not asked to until after it rendered its decision. The evidence submitted to the district court consisted solely of the bill of exceptions and evidence adduced at the hearing before the Board. Even if the district court had taken additional evidence, its review was still limited to a determination of whether the decision of the Board was illegal or not supported by the evidence. Our standard of review also remains unchanged by the taking of additional evidence by the district court. See Stratbucker Children's Trust v. Zoning Bd. of Appeals, supra. The district court's "factfinding" function is limited to a determination of whether the Board's decision is supported by the evidence.
We conclude that a district court reviewing a decision of a zoning board of appeals under §§ 14-413 and 14-414, without the taking of additional evidence or the appointing of a referee for that purpose, functions as an intermediate court of appeals. In the case before us, the district court did not act as a trial court, but only reviewed the record of the hearing before the Board. The filing of a motion for new trial in a court *45 which functioned as an intermediate court of appeals does not stop the running of the time within which to perfect an appeal from the reviewing court. Hueftle v. Northeast Tech. Community College, supra. Thus, Morello's motion for new trial did not stop the running of the time within which to perfect an appeal. Pursuant to § 25-1912(1), Morello had 30 days from the entry of the district court's December 4, 1995, order in which to file an appeal. Because Morello failed to meet this deadline, we lack jurisdiction of the appeal.
APPEAL DISMISSED.