STATE OF NEBRASKA, APPELLANT, V. CALVIN BROWN, APPELLEE.

567 N.W.2d 307

Filed July 15, 1997.   No. A-96-832.

Dean Skokan, Dodge County Attorney, and Eric S. Miller for appellant.

Adam J. Sipple, of Quinn & Wright, for appellee.

IRWIN, SIEVERS, and MUES, Judges.

MUES, Judge.

## INTRODUCTION

This is an error proceeding brought by the State seeking review of the trial court's dismissal of a criminal proceeding under Neb. Rev. Stat. § 27-510 (Reissue 1995) after the court concluded that the State could not disclose the identity of an alleged unknown informant.

## STATEMENT OF CASE

On May 22, 1995, a warrant to search a trailer occupied by Kevin McDonald was issued pursuant to an affidavit. The affidavit stated that on May 22, Sgt. Rich Wagner of the Nebraska State Patrol was contacted by a "concerned citizen" who informed him that he had been at the trailer within the last 72 hours and observed approximately one-half ounce of "crank" on the person of McDonald. According to the "concerned citizen," McDonald had stated that he had begun dealing crank within the past 6 months and that he would be selling a portion of the crank on May 22. The search warrant was executed on this same date.

Officers testified that upon announcing their presence at the front door of the trailer, they heard what sounded like a person running toward the back of the trailer. Officers entered the front door and observed three persons, including McDonald, in the living room. At the same time, two other officers entered the back door and immediately observed Calvin Brown near the bathroom. Brown was the only person found in the back part of the trailer. Various drugs and paraphernalia were located throughout the trailer, including the bathroom area.

Brown was initially charged with possession of a controlled substance with intent to deliver. His plea in abatement to this charge was granted by the district court, and he was subsequently charged with possession of a controlled substance, to wit, methamphetamine, in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 1994), a Class IV felony. Brown's plea in abatement to that charge was overruled, and thereafter

he filed a motion for discovery on April 15, 1996, pursuant to § 27-510, requesting the court to order the State to disclose the identity of the informant used to obtain the search warrant. At the hearing on the motion, no evidence was adduced, but Brown's attorney stated that he had been advised that McDonald would be called to testify and would disclaim any ownership of the drugs found on May 22, 1995. From the bench, the trial court sustained Brown's motion and ordered the State to disclose the name and address of the informant as soon as possible if the State knew or could obtain such information.

On April 30, 1996, Brown filed a motion to dismiss pursuant to § 27-510, in which motion he asserted that the State had elected not to disclose the identity of the informant as ordered by the court. At the hearing on this motion on May 1, the affidavit and search warrant were admitted into evidence. The State's attorney represented in his argument that the State did not know the informant's identity, that the informant provided only his first name to police, and that the State's attorney had disclosed this information to Brown. The State also raised the issue of having a hearing in order to prove these allegations. The matter was taken under advisement.

On May 2, 1996, the State filed a motion requesting an in camera hearing pursuant to § 27-510. By order dated May 6, 1996, the court granted Brown's motion to dismiss, stating in relevant part:

> [T]he concerned citizen referred to in the Affidavit and Complaint for Search Warrant appears, from the Affidavit itself, to be able to give testimony necessary to a fair determination of the guilt or innocence in this criminal case; that there is reasonable probability that the informer or concerned citizen can give such testimony, and whereas the State cannot disclose his identity, the Court must dismiss the charges herein . . . .

The State brought this error proceeding pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995).

## ASSIGNMENTS OF ERROR

The State asserts that the court erred in (1) ordering the State to disclose the name and address of the informant, (2) applying

§ 27-510(3)(b) to a concerned citizen informant who could not be identified by the State, (3) finding there was a reasonable probability that the informant could give testimony necessary to a fair determination of the guilt or innocence of Brown, and (4) granting Brown's motion to dismiss.

## STANDARD OF REVIEW

■ Disclosure of the identity of an informant is a matter of judicial discretion. See, *State v. Wenzel*, 196 Neb. 255, 242 N.W.2d 120 (1976); *State v. Lomack*, 4 Neb. App. 465, 545 N.W.2d 455 (1996).

■ Statutory interpretation presents a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996); *In re Interest of Jaycox*, 250 Neb. 697, 551 N.W.2d 9 (1996).

## DISCUSSION

At issue in this appeal is the application of § 27-510 to an informant who the State claims is unknown. Our research reveals no Nebraska cases on point. The State argues that dismissal of criminal charges for the nondisclosure of an informant's identity is *never* proper in the event that the State does not know the informant's identity. In contrast, Brown asserts that a clear reading of the statute *requires* dismissal, as a matter of law, of a case involving an unknown informant. We disagree with both parties.

■ Section 27-510 grants the State "a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law." However, § 27-510 also places certain limitations on this privilege. Section 27-510(3)(b) provides in pertinent part:

> If it appears from the evidence in the case or from other showing by a party that an informer *may* be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . and the government invokes the privilege, the judge *shall* give the government an opportunity to show in camera facts relevant to

determining whether the informer can, in fact, supply that testimony. The showing may be in the form of affidavits or testimony, as the judge directs. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the government elects not to disclose his identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on his own motion.

(Emphasis supplied.)

### Initial Finding.

First, § 27-510 requires that it appear from the evidence in the case or other showing that the informant may be able to provide testimony necessary to a fair determination of the issue of guilt or innocence. Without any evidence or other record, apparently in reliance upon comments of counsel, the trial court concluded that such a showing had been made. Notwithstanding, the affidavit and search warrant were admitted into evidence at the subsequent hearing on the motion to dismiss, and they establish that the informant in this case had the potential ability to testify that he had previously seen McDonald in possession of the drugs located by police in McDonald's trailer on May 22, 1995. Arguably, this testimony would rebut McDonald's potential testimony that the drugs were not his or, in any event, substantiate Brown's defense that the drugs were not his but, rather, belonged to McDonald. We realize that the crime of possession does not require ownership but merely requires proof that Brown had dominion or control over the illegal substance and knew of its nature and presence. See *State v. Neujahr*, 248 Neb. 965, 540 N.W.2d 566 (1995). However, we do not view the State's appeal to be challenging this threshold finding by the court. Rather, the State's focus on appeal is on the court's ultimate order of dismissal.

### Invocation of Privilege.

The next requirement of § 27-510(3)(b) is that the government invoke the privilege. The State's argument that it did not do so in this case is without merit. Brown's motion for discovery and motion to dismiss specifically stated that they were

brought pursuant to § 27-510. At no time did the State contend at either hearing on these motions that it was not invoking the privilege established by this section or otherwise offer to disclose the informant's identity. To the contrary, as later discussed, it filed a request for an in camera hearing, the third step in the procedure expressly provided for by § 27-510. This request assumes a prior invocation of the privilege.

*In Camera Hearing.*

■ Upon a showing that an informant may be able to give the necessary testimony and upon the State's invocation of the privilege, § 27-510 mandates that the judge give the State an opportunity to have an in camera hearing to show facts relevant to determining whether the informant can, *in fact*, supply testimony necessary to a fair determination of the guilt or innocence of the defendant. The State orally requested such a hearing on May 1, 1996, and filed a request for the same on May 2. Although the trial court's May 6 order does not specifically rule on this request for hearing, no such hearing was held, and a fair inference from the court's order of dismissal is that it denied the State's request. Under the clear language of § 27-510, this was erroneous.

■ We read the trial court's order to have accepted the State's position, despite the lack of any evidence to support it, that the State could not disclose the identity of the informant because it did not know the identity of the informant. We also read the court's order to find that if the State cannot disclose an informant's identity after it is shown that the informant may be able to give testimony necessary to a fair determination of guilt or innocence, then as a matter of law, dismissal is required. Under such a construction of § 27-510, a defendant whose crime is witnessed by 10 priests willing to testify would be entitled to dismissal in the event that the State could not disclose the name of an unknown informant who, if found, might testify to information that would support the defendant's assertion of innocence. Such a construction sweeps too broadly and leads to absurd and unjust results. Statutory language is to be given its plain and ordinary meaning. *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996). In construing a statute, an

appellate court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *Id.*

According to the plain language of § 27-510, several critical determinations must be made by the trial court after making the initial finding that an informant *may* be able to provide certain testimony and before dismissal of the charges. Some of the most critical of these determinations necessarily depend upon the showing made at the in camera hearing.

First, the in camera hearing must obviously disclose that the informant *possesses* the information or knowledge that provided the basis for the initial determination. For the purpose of this appeal, we conclude that this was established by the evidence at the hearing on the motion to dismiss. Second, the in camera hearing serves the function of giving the State the opportunity to show facts relevant to the court's determination of whether the informant *can, in fact, supply* the alleged testimony. It is this prong of the in camera analysis which causes some difficulty in the case of an unknown informant because the identity of any witness, including an informant, is fundamental to whether he or she can *supply* the alleged testimony. If the informant's identity is unknown to the State, then the State obviously cannot locate the informant, and if the informant cannot be located, then he or she cannot supply the alleged relevant information. Thus, in such a situation, the trial court could never make the requisite finding that the informant could supply the alleged testimony, and under a strict reading of the statute, absent this requisite finding, dismissal would never be proper. Of course, this construction leads to a result equally as absurd and unjust as the construction that failure to identify mandates dismissal. As previously stated, in construing a statute, an appellate court seeks to avoid constructions which lead to absurd, unconscionable, or unjust results. *Kuhlmann, supra.*

Contrary to both parties' positions in this case, the fact that an informant is unknown neither mandates dismissal as a matter of law nor precludes dismissal as a matter of law under § 27-510. Instead, we conclude that whether dismissal is required under § 27-510 depends upon the facts of each case. Relevant factors to consider when making this determination include, but are not limited to, the State's ability to successfully

identify or locate an informant, the reasonableness of the State's lack of information, and the reasonableness of its efforts to acquire additional information. In addition, as discussed below, the extent of the informant's knowledge of the crime charged is a relevant factor in making this determination.

Our research reveals only a handful of cases involving unidentified informants. Whether they are distinguishable from this case cannot be determined because the relevant facts of this case have not yet been developed. Nevertheless, these cases offer some guidance. *People v. Callen*, 194 Cal. App. 3d 558, 239 Cal. Rptr. 584 (1987), involved a "Crimestoppers" program in which an anonymous caller provided the license plate number of a vehicle involved in a robbery. In *Callen*, the police did not know the person's identity, and the defendant's motion to compel disclosure was denied. The defendant's motion to dismiss, claiming denial of a substantial right by virtue of police conduct which allowed a witness to remain unidentified, was also denied. The defendant's conviction was affirmed on appeal after the court concluded that the police did not have a duty to determine and disclose the informant's identity. It reasoned:

> Such an investigatory burden would not only be onerous and frequently futile, it would destroy programs such as Crimestoppers by removing the guarantee of anonymity. Anonymity is the key to such a program. It is the promise of anonymity which allays the fear of criminal retaliation which otherwise discourages citizen involvement in reporting crime. In turn, by guaranteeing anonymity Crimestoppers provides law enforcement with information it might never otherwise obtain. We are satisfied the benefits of a Crimestoppers-type program—citizen involvement in reporting crime and criminals—far outweigh any speculative benefits to the defense arising from imposing a duty on law enforcement to gather and preserve evidence of the identity of informants who wish to remain anonymous.

*Id.* at 563, 239 Cal. Rptr. at 587.

The *Callen* court indicated that this was the proper result even in the event that the informant was a percipient witness. It was careful, however, to distinguish cases involving Crime-

stoppers-type tipsters from those involving informants employed by police, taking direction from police, or having any face-to-face contact with police.

*People v. Siegl*, 914 P.2d 511 (Colo. App. 1996), involved a "Crime Stoppers" report from an anonymous caller. The informant in *Siegl* told police that she had been in the defendant's house, that she had smelled a strong odor of marijuana, and that the defendant's tenant had told her the defendant and the tenant grew marijuana in the house. After verifying some of the information, police obtained a search warrant for the house, and the defendant was charged with possession and cultivation of controlled substances. Before trial, the defendant sought a court order requiring the State to disclose the informant's identity. Following in camera hearings, the defendant's motions in this regard were denied. On appeal, the defendant asserted that the court erred in refusing to require the State to disclose the identity of the alleged anonymous informant to help him prepare his defense. Noting that disclosure of informants was committed to the sound discretion of the trial court, the *Siegl* court concluded that "the trial court did not abuse its discretion in considering the fact that the Crime Stoppers' informant was unknown to the police and in concluding that such anonymity served an important public interest which outweighed the defendant's request for disclosure." *Id.* at 516. Thus, it upheld the court's denial of the defendant's request for disclosure. See, also, *People v. Rodriguez*, 645 P.2d 851 (Colo. 1982) (if prosecution's information does not contain informant's full name or current address, determinative question is whether prosecution has made reasonable efforts to maintain contact with informant); *People v. Goliday*, 8 Cal. 3d 771, 505 P.2d 537, 106 Cal. Rptr. 113 (1973) (where informant actively cooperates with police and becomes eyewitness to offense, State must undertake reasonable efforts in good faith to locate informant so that he or she may be subpoenaed as witness).

Moreover, an informant's degree of knowledge of or involvement in the crime charged is always a relevant factor in the decision of whether to dismiss criminal charges if the State is unable to disclose the identity of the informant or if it *elects* not to do so. See, e.g., *U.S. v. Bourbon*, 819 F.2d 856 (8th Cir. 1987)

(informant who was not present during execution of warrant was "tipster" who merely conveyed information but did not witness or participate in offense, and disclosure of his identity was therefore not vital to fair trial); *Roviaro v. United States*, 353 U.S. 53, 77 S. Ct. 623, 1 L. Ed. 2d 639 (1957) (where informant had taken material part in bringing about defendant's possession of drugs and had been present at time alleged crime took place, disclosure of his identity was required).

Absent an in camera hearing, the trial court here was not apprised of and thus could not weigh the factors relevant to determining whether dismissal was required by § 27-510. Rather, the decision to dismiss was erroneously based solely upon the accepted fact that the State could not disclose the informant's identity. The dismissal based on that fact alone was erroneous.

In so concluding, we have obviously rejected the State's argument that § 27-510 does not apply to unknown informants because the State can never "elect" not to disclose the identity of someone whose identity is unknown. Contrary to the State's position, we believe that the State's "election" of nondisclosure under § 27-510 can occur in several ways other than by virtue of its refusal to comply with an order of disclosure. By way of example only, based on the rationale of the foregoing cases, the State's failure to take reasonable steps to determine the identity of the informant in the first instance may qualify as an "election" under the terms of § 27-510, even though it obviously predates a court order of disclosure.

## CONCLUSION

In sum, once the court determined that the informant at issue may be able to provide testimony necessary to a fair determination of guilt or innocence and the State impliedly invoked the privilege provided by § 27-510, the trial court erred in failing to grant the State's request for an in camera hearing and in dismissing the State's case solely because the State could not disclose the identity of the informant. The State's inability to disclose the informant's identity does not, as a matter of law, require dismissal. Neither does the State's inability to disclose the informant's identity prohibit dismissal as a matter of law. Instead, we

conclude that whether dismissal is required under § 27-510 in the case of an unknown informant depends upon the facts of each case. Our discussion of certain relevant factors, as set forth above, is in no way intended to limit the trial court's inquiry to only such factors. We reiterate that a trial court's conclusion based upon the evidence presented will not be set aside absent an abuse of discretion. See, *State v. Wenzel*, 196 Neb. 255, 242 N.W.2d 120 (1976); *State v. Lomack*, 4 Neb. App. 465, 545 N.W.2d 455 (1996).

The trial court's order of dismissal was erroneous. Upon our review, we find that Brown had not been placed legally in jeopardy prior to entry of this erroneous order. See *State v. Irish*, 223 Neb. 578, 391 N.W.2d 137 (1986). The order of dismissal is reversed.

REVERSED.